Clark *v.* Clark.

---

ELENA K. CLARK, appellant,

*v.*

WYLIE E. CLARK, respondent.

[Filed May 5th, 1902.]

One of the essentials to the due publication of a will is that the testator, in the presence of two witnesses, present at the same time, shall declare the writing to be his last will.

On appeal from a decree advised by Vice-Ordinary Reed in the prerogative court, whose opinion is reported in *52 Atl. Rep. 225.*

*Messrs. Miller & Meyer* and *Mr. Samuel Kalisch,* for the appellant.

*Mr. Joseph Coult,* for the respondent.

The opinion of the court was delivered by

ADAMS, J.

The learned vice-ordinary, who advised the decree from which an appeal has been taken, reached the conclusion that a certain paper, purporting to be the last will and testament of Phineas V. Clark, was not published according to the requirement of the act concerning wills. The weight of the evidence supports this conclusion. The testimony is discussed at length in the opinion of the vice-ordinary and need not be restated.

It appears that two persons affixed their names as subscribing witnesses, at the request and in the presence of Mr. Clark, to a document that he had already signed. Mr. Clark did not sign in the presence of either witness, nor was it legally necessary that he should do so, as our statute makes the testator's acknowledgment of the making of his signature equally valid. Each witness, when he signed, saw upon the paper and recognized the signature of Mr. Clark. This instrument, which was inartificially drawn by Mr. Clark himself, has no attestation clause. It ends thus:

"In testimony whereof I have hereunto set my hand and seal and publish and declare this to be my last Will and Testament in the presence of witnesses named below. This, the 29th day of April, in the year of 1895."

Whatever presumption of due execution might arise from the use of this formula is overthrown by the testimony. Whether Mr. Clark acknowledged the making of his signature in the presence of both witnesses, present at the same time, or even in the presence of one of them, is at least doubtful. Another feature

of the case that is of itself decisive is that Mr. Clark did not, in the presence of both witnesses, declare the writing to be his last will. Such a declaration is essential to due publication. It satisfactorily appears that neither witness was told by Mr. Clark, and that neither witness knew when he signed that the document to which he put his name was a will.

It will be observed that the concluding clause does not contain the averment that the witnesses subscribed their names in the presence of each other. The weight of the evidence is that they did not do so. The learned vice-ordinary, in dealing with the matter, correctly said that the statute concerning wills does not, in express words, require that the witnesses shall sign in the presence of one another. Whether such a requirement, though not distinctly expressed in the act, results, by natural and necessary implication, from the statutory language, is a question that need not now be decided, and as to which we express no opinion.

The decree is affirmed.

*For affirmance*—The Chief-Justice, Van Syckel, Dixon, Collins, Fort, Garretson, Hendrickson, Pitney, Krueger, Adams, Vredenburgh, Vroom—12.

*For reversal*—None.