One month before she died, Anna Ferris, eighty years of age, feeble and deaf, in charge of a nurse in the home of the nurse's mother, signed a paper-writing, giving her estate to the nurse. The paper-writing was denied probate by the orphans court on the ground that it was not declared by the deceased to be her last will and testament to the two attesting witnesses.
The proof is this: The deceased had penned and signed a will, attested by two witnesses, giving her estate to the nurse. By her direction, it was taken to a lawyer for approval, *Page 116 
who, upon observing that it contained no attestation clause and appointed no executor, and fearing that it might not have been statutorily executed, suggested that it be redrawn in legal form, and that he be appointed executor. A re-draft was immediately typed by the lawyer's secretary, to which she added an attestation clause and her employer's name as executor, and the lawyer and the secretary accompanied the nurse and one of the witnesses to the holograph will back to the home of the deceased for a formal execution. The lawyer conferred privately with the deceased. She read the document. Being too deaf to hear, the lawyer wrote on a piece of paper these four questions:
Do you understand this will?
Do you want me to act as executor?
Do you publish and declare this paper to be your last will and testament?
Do you request Miss McCall and Mrs. Roberts to witness this will?
And having assured himself that the deceased understood the will and she having nodded affirmatively to the first two questions, the witnesses were called into the room where the deceased was sitting at a table with the will before her. Assembled, the lawyer addressed the deceased asking if she "published and declared this to be her last will and testament and if she requested Miss McCall (secretary) and Mrs. Roberts (witness to the holograph will) to act as subscribing witnesses," and being reminded by the nurse that the deceased was deaf and could not hear him, he showed her the last two questions, pointing to them, and upon the deceased nodding affirmatively he had her sign and the witnesses attest the signature. The lawyer's secretary says she did not know what was written on the paper containing the questions shown the deceased until the next day; that she saw the assenting nod but did not know to what the assent was given. The other witness, Mrs. Roberts, says that lawyer pointed out and read aloud the last two questions, but that there was no nod, expression or gesture of assent of any kind.
There is, of course, no question that the deceased and the *Page 117 
witnesses individually understood what was being transacted, for the decedent had previously read the document and had written its prototype; the secretary had typed it, and the other witness had attested the holograph will and had procured the re-draft. But that the witnesses knew it was the decedent's will they were attesting is not enough. For safeguarding of decedent's estates, the statute not only requires wills to be in writing and signed by the testator, or his signature acknowledged by him, in the presence of two witnesses, present at the same time, who shall subscribe their names thereto as witnesses, but it is as specific and exacting in this essential: That the testator shall declare to the two witnesses thus present that the writing is his last will and testament. "It is not necessary that the testator should, in express terms, declare the instrument in process of execution to be his will. Another may speak for him. It is a sufficient compliance with the statute when enough is said or done, in the presence and with the knowledge of the testator, to give the witnesses to understand distinctly that the testator desires them to know that the paper is his will and that they are to attest it," but the authorities are as one, that the communication of the fact of the will to the attesting witnesses must come to them from the testator, directly or indirectly, at the time of the ceremony of the execution of the will. Mundy v.Mundy, 15 N.J. Eq. 290; Ludlow v. Ludlow, 36 N.J. Eq. 597;Elkinton v. Brick, 44 N.J. Eq. 154; Darnell v. Buzby, 50 N.J. Eq. 725; affirmed, 52 N.J. Eq. 337; Robbins v. Robbins, 50 N.J. Eq. 742; Swain v. Edmunds, 53 N.J. Eq. 142; Clark v. Clark,64 N.J. Eq. 361; In re Sutterlin, 99 N.J. Eq. 363;, Den, ex dem.Compton v. Mitton, 12 N.J. Law 70; In re Will of Pierson, 40N.J.L.J. 137.
Here, the deceased made a declaration which only the lawyer understood. It failed to register with either witness. One of them saw her nod to a paper — the declaration — but was ignorant of its contents; the other heard the declaration read, but saw no nod, although looking. There was no statutory publication.
The decree of the orphans court will be affirmed. *Page 118